**UNITED STATES of America, Appellee**

v.

**Devon HEBRON, also known as Merdock, Appellant.**

**No. 11–3048.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 1, 2013.

Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, Harry Benjamin Roback, Assistant U.S. Attorney, Elizabeth Trosman, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Edward Charles Sussman, Law Office of Edward Sussman, Washington, DC, for Appellant.

Before: HENDERSON and ROGERS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. For the reasons presented in the accompanying memorandum, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Hebron and five co-defendants were indicted on nine counts for kidnapping, carrying and possessing a firearm during the commission of a crime of violence, carjacking resulting in serious bodily injury, assault with intent to commit robbery while armed, and assault with intent to kill while armed. Seven months later, Hebron pled guilty to one count of kidnapping after long maintaining his desire to go to trial. He was sentenced to 13 years' imprisonment, a more than six-year downward departure from the lower end of the Sentencing Guidelines range, and five years' supervised release. Three weeks later, Hebron filed a motion to withdraw his guilty plea, pursuant to 28 U.S.C. § 2255.

He argued that his plea was not voluntary because of the ineffective assistance of his trial counsel in promising that he would receive a sentence of no more than seven years' imprisonment. After holding an evidentiary hearing at which Hebron and his aunt and uncle testified, along with Hebron's trial counsel, the district court found that trial counsel had not made that promise and denied the motion.

On appeal, new counsel for Hebron observes, without citation, that, "[a]lthough the stringent standard of manifest injustice is typically employed" to analyze post-sentencing motions to withdraw, as here, "the use of the 'fair and just standard,'" used to assess pre-sentencing motions to withdraw, *see* Fed. R.Crim. P. 11(d)(2)(b), "or some hybrid standard seems more than justified in this case." Appellant's Br. 22–23. This is, he suggests, because "[t]he harm caused by counsel's ineffectiveness could not be discovered until *after* sentencing. After all, it was only when [the] sentence was pronounced that Hebron realized that he had been misled by counsel's false promise." *Id.* at 22.

In *United States v. Griffin,* 816 F.2d 1 (D.C.Cir.1987), the court was confronted with a similar contention that the defendant was induced to plead guilty by promises by his attorney and the prosecutor regarding the sentence he would receive. Griffin had moved to withdraw his plea under Federal Rule of Criminal Procedure 32(d) and 28 U.S.C. § 2255. The court applied the manifest injustice standard: "Once a defendant who pleads guilty has been sentenced, permission to withdraw the plea will be granted only in those extraordinary cases when the court determines that a manifest injustice would result from allowing the plea to stand." *Id.* at 5 (citation and quotation marks omitted). Subsequently, in *United States v. Farley,* 72 F.3d 158, 162 (D.C.Cir.1995),

the court, quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), clarified that to prevail on a collateral attack pursuant to § 2255, the defendant must show "the plea proceeding was tainted by 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *See also* FED.R.CRIM.P. 32, advisory committee note (1983 amends.). This Hebron has not done.

During oral argument appellate counsel first suggested that the Rule 11 plea colloquy was deficient and should not be viewed as determinative of the voluntariness of the plea. *See* Oral Arg. Rec. 6:26–8:50; *see also United States v. Taylor,* 139 F.3d 924, 933 (D.C.Cir.1998) (citing *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Even assuming this contention is properly before the court, appellate counsel points to no record evidence that prior to accepting Hebron's guilty plea the district court failed to convey clearly to Hebron that the sentence was for the district court to determine, much less that Hebron had not acknowledged that his plea was voluntary and no promises (other than in the plea agreement) had been made.

Further, Hebron fails to show a complete miscarriage of justice based on his contention that his plea was involuntary as a result of trial counsel's ineffective assistance in violation of the Sixth Amendment. *See United States v. Loughery,* 908 F.2d 1014, 1018 (D.C.Cir.1990); *Griffin,* 816 F.2d at 5. Hebron maintains that he would not have pleaded to kidnapping but for trial counsel's promise that he would receive a sentence of no more than seven years. *See* Appellant's Br. 7–8, 16, 23; *see also Hill v. Lockhart,* 474 U.S. 52, 57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). But he has not shown that the district

court's finding that trial counsel did not make that promise was clearly erroneous. *See United States v. Eli,* 379 F.3d 1016, 1019 (D.C.Cir.2004); *Griffin,* 816 F.2d at 6.

First, Hebron's position that the district court ignored the weight of the evidence is belied by the record. The district court evaluated the testimony of Hebron's aunt and uncle that trial counsel had promised Hebron a seven-year sentence, as well as trial counsel's denial of making that promise and recitation of the course of plea discussions with the prosecutor. The district court concluded, in light of Hebron's acknowledgments in the plea agreement and during the Rule 11 plea colloquy, that Hebron's relatives' recollections were likely based on earlier plea discussions involving, among other things, a seven year minimum for a firearms offense. *See* Tr. May 10, 2011 at 9, 23–28.

Second, Hebron presents no basis for the court to conclude that the district court's credibility determinations were clearly erroneous. *See United States v. Lathern,* 665 F.3d 1351, 1354 (D.C.Cir. 2012). Hebron's statement regarding his lack of contact with trial counsel during the pre-sentence period does not undermine the district court's finding that trial counsel did not promise him a seven-year sentence. He asserts that his dramatic turnabout, to plead after long expressing his desire to go to trial, was due to trial counsel's promise. *See* Appellant's Br. 26–27. But, as the government observes, *see* Appellee's Br. 25, at the time Hebron entered his plea his co-defendants had pleaded guilty and could have testified for the government at Hebron's trial.